David C. Potts, Bar #030550
Stephanie D. Baldwin, Bar #036897
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1708
Fax: (602) 200-7829
dpotts@jshfirm.com
sbaldwin@jshfirm.com

Attorneys for Defendant Riley Industrial
Services, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Proctor,<br><br>                                  Plaintiff,<br><br>v.<br><br>Riley Industrial Services, Inc.,<br><br>                                  Defendant. | No.<br><br>**Defendant Riley Industrial Services, Inc.'s Notice of Removal** |

Defendant Riley Industrial Services, Inc. ("Riley Industrial"), by and through counsel undersigned, hereby files the following Notice of Removal of Greenlee County Superior Court Case No. S0600CV202200001 to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1332 and 1441. As grounds for removal, Riley Industrial states as follows:

**I.    PROCEDURAL HISTORY**

1. The above-captioned case commenced when Plaintiff David Proctor filed a Complaint in Greenlee County Superior Court on or about February 7, 2022. *See* Complaint, along with the rest of the Greenlee County Superior Court record, attached as Exhibit A.

2. As of the date of this Notice of Removal, Riley Industrial has not been served. However, in filing this Notice of Removal (and the corresponding Notice of Filing Notice of Removal in Greenlee County), Riley Industrial is voluntarily appearing in this

10273243.1

action. *See* Ariz. R. Civ. P. 4(f)(3). As a result, the date of service is March 4, 2022 – the date of voluntary appearance by Riley Industrial.

3. Riley Industrial is the only defendant in this action.

## II. TIMELINESS OF REMOVAL

4. Under 28 U.S.C. § 1446(b), a defendant has thirty days from the date of service of a complaint to remove the case to federal court.

5. This Notice of Removal is filed within thirty days of the filing of the Complaint and is also within thirty days of the voluntary appearance by Riley Industrial.

6. This Notice of Removal, then, is timely. *See* 28 U.S.C. § 1446(b).

7. A Notice of Filing Notice of Removal is being filed with Greenlee County Superior Court simultaneously with this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as Exhibit B.

## III. BASIS FOR REMOVAL

8. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the amount in controversy, excluding interest and costs, exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

9. As alleged in the Complaint, Plaintiff David Proctor is a resident of Greenlee County, Arizona. *See* Complaint (contained within Exhibit A) at ¶ 2. Plaintiff David Proctor is thus a citizen of Arizona.

10. As alleged in the Complaint, Defendant Riley Industrial Service, Inc. is a New Mexico corporation. *See* Complaint (contained within Exhibit A) at ¶ 3. Riley Industrial is headquartered in Farmington, New Mexico. Thus, for diversity purposes, Riley Industrial is a citizen of New Mexico.

11. Because Plaintiff is a citizen of Arizona and Defendant Riley Industrial Services, Inc. is a citizen of New Mexico, there is complete diversity of

citizenship between each Plaintiff and Defendant, so the complete diversity of citizenship requirement is satisfied.

### B. Value of Matter in Controversy

12. According to the Complaint, Plaintiff alleges he was terminated on August 20, 2020, and that he has "suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment." *See* Complaint (contained within Exhibit A) at ¶¶ 27 and 46.

13. It has been more than 500 days since August 20, 2020. Thus, since Plaintiff alleges that his damages are not less than $150 per day and it has been more than 500 days, Plaintiff's damages sought are, as of this date, more than $75,000.

14. Considering Plaintiff's allegations in his Complaint, the amount in controversy is sufficient to meet the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[S]uch requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount").

15. Thus, under 28 U.S.C. §1332(a), this Court has original jurisdiction over Plaintiff's claim because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000. *See also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.")

16. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending."

17. As such, Riley Industrial can remove this claim to federal court. *See* 28 U.S.C. § 1441(a).

3

This Court has jurisdiction over all of Plaintiff's claims against Riley Industrial because there is complete diversity of citizenship and the amount in controversy is greater than $75,000. Given these grounds for removal, Riley Industrial requests that the above action now pending in Greenlee County Superior Court be removed to this Court.

DATED this 4th day of March, 2022.

JONES, SKELTON & HOCHULI, P.L.C.


By */s/ David C. Potts*
David C. Potts
Stephanie D. Baldwin
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Riley Industrial Services, Inc.

10273243.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2022, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Joshua W. Carden
Carden Livesay, LTD
419 East Juanita Ave., Suite 103
Mesa, AZ  85204
joshua@cardenlivesay.com


/s/ *Gail Hardin*

5

10273243.1