# EXHIBIT A

# In the Superior Court of the State of Arizona
# In and For the County of Greenlee

**Plaintiff's Attorney:**

Joshua W Carden
Bar Number: 021698, issuing State: AZ
Law Firm: Carden Livesay, Ltd.
419 E. Juanita Avenue Suite 103
Mesa, AZ 85204
Telephone Number: (480)345-9500X107
Email address: jwcturbocourt@cardenlivesay.com

**Plaintiff:**

David Proctor

**Defendant:**

Riley Industrial Services, Inc.
2615 San Juan Blvd
Farmington, NM 87401

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: Employment Dispute - Other

AZTurboCourt.gov Form Set #6515271

Person/Attorney Filing: Joshua W Carden
Mailing Address: 419 E. Juanita Avenue Suite 103
City, State, Zip Code: Mesa, AZ 85204
Phone Number: (480)345-9500X107
E-Mail Address: jwcturbocourt@cardenlivesay.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021698, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF GREENLEE

David Proctor
Plaintiff(s),
v.
Riley Industrial Services, Inc.
Defendant(s).

Case No.   S0600CV202200001

**SUMMONS**

To: Riley Industrial Services, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 223 5th Street, Clifton, Arizona 85533 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of GREENLEE

SIGNED AND SEALED this date: *February 7, 2022*

*Madeline Montoya*
Clerk of Superior Court

By:*LSTACY*
Deputy Clerk



FILED
Madeline Montoya
CLERK, SUPERIOR COURT
02/07/2022  1:48PM
BY: LSTACY
DEPUTY

Case No.: S0600CV202200001
HON. MONICA STAUFFER

Person/Attorney Filing: Joshua W Carden
Mailing Address: 419 E. Juanita Avenue Suite 103
City, State, Zip Code: Mesa, AZ 85204
Phone Number: (480)345-9500X107
E-Mail Address: jwcturbocourt@cardenlivesay.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021698, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF GREENLEE

| | |
|---|---|
| David Proctor<br>Plaintiff(s),<br>v.<br>Riley Industrial Services, Inc.<br>Defendant(s). | Case No.<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Greenlee County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By:  Joshua W Carden /s/
     Plaintiff/Attorney for Plaintiff

*AZturboCourt.gov Form Set #6515271*

FILED
Madeline Montoya
CLERK, SUPERIOR COURT
02/07/2022  1:48PM
BY: LSTACY
DEPUTY

Case No.: S0600CV202200001
HON. MONICA STAUFFER

**CARDEN LIVESAY**
— LTD —
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiffs*

STATE OF ARIZONA

GREENLEE COUNTY SUPERIOR COURT

| | |
|---|---|
| DAVID PROCTOR,<br><br>                    Plaintiff,<br><br>v.<br><br>RILEY INDUSTRIAL SERVICES, INC.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT** |

Plaintiff David Proctor, by and through undersigned counsel, for his Complaint against Defendant Riley Industrial Services, Inc. alleges as follows:

### NATURE OF THE CASE

1. Plaintiff David Proctor brings this action against Defendant for its violations of the Arizona Paid Sick Time law, A.R.S. §§ 23-371, *et seq.*, including wrongful termination

### PARTIES

2. Plaintiff David Proctor, an unmarried individual, was at all relevant times herein a resident of Greenlee County, Arizona, and an "employee" of Riley Industrial Services, Inc. within the meaning and purposes of all relevant statutes at all times material to this action.

3. Defendant Riley Industrial Services, Inc. ("Riley") is a New Mexico corporation, at all relevant times conducting its business in Greenlee County, Arizona.

1

4. Riley was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

5. Defendant employs more than 300 people.

6. At all times pertinent to this Complaint, Defendant's managerial employees were acting within the course and scope of their employment with Defendant; and as a result thereof, Defendant are responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to hear and determine this action and to grant the relief requested pursuant to article 6 § 14(1) of the Arizona Constitution. Venue is proper in this Court as all acts alleged herein occurred in Greenlee County, Arizona.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Riley is a large provider of industrial services, with offices in multiple states.

9. Riley employed Mr. Proctor as a Technician beginning May 2019.

10. His manager was Sterling Walker.

11. In or around March 2020, Mr. Proctor notified Mr. Walker that his fiancé (with whom he was living in Greenlee) was disabled and pregnant with his child, and that he was their primary caretaker.

12. Mr. Proctor informed Mr. Walker that, due to his fiancé's disability and pregnancy, he would be required to transport them to and attend doctor's appointments critical to her health and the baby's health occurring every few weeks.

13. Mr. Walker initially agreed to allow Mr. Proctor to attend these appointments and suggested that he limit these appointments to Fridays.

14. At no time did Mr. Walker suggest or permit Mr. Proctor the use of paid sick time to cover these appointments.

15. Fridays were ordinarily not a workday for Mr. Proctor.

16. Mr. Proctor agreed to limit the appointments to Fridays.

17. Mr. Proctor attended several such appointments without a problem.

18. On or about August 18, 2020, Mr. Proctor suffered extreme dehydration that incapacitated him while at work.

19. His bout of dehydration caused Mr. Walker to send him away from the job site and seek medical treatment.

20. Upon information and belief, Mr. Walker was frustrated with Mr. Proctor over missing work due to his illness.

21. Mr. Proctor sought emergency medical treatment and missed the remainder of his work that day, but returned on August 19, 2020.

22. At no time did Mr. Walker suggest or permit Mr. Proctor the use of paid sick time to cover his missing hours from August 18, 2020.

23. Then, on August 19, 2020 (Wednesday); Mr. Walker notified Mr. Proctor that he had been selected to go on an overnight out of town assignment beginning Thursday, August 20, 2020 and continuing through Friday, August 21, 2020.

24. Mr. Proctor informed Mr. Walker that his pregnant fiancé and unborn child had a critical healthcare appointment that Friday that required him to transport them and attend – as he had several times previously.

25. Mr. Proctor also notified Mr. Walker that there were several other Technicians that could travel in his place to perform the assignment and announced his intention to keep the medical appointment.

26. Mr. Walker responded and said "well, that's pretty f*cking unfortunate" or words to that effect.

27. On August 20, 2020, Riley terminated Mr. Proctor.

28. Mr. Proctor protested his termination to Mr. Walker, reminding Mr. Walker that he was abiding by the request to schedule medical appointments for Fridays.

29. Walker responded saying "I am just not going to deal with it anymore" or words to that effect.

30. Riley did not permit Mr. Proctor to use earned paid sick time for his family's

1  appointments or for his own need to seek medical treatment on August 18, 2020.

31. Upon information and belief, Mr. Proctor was terminated because of his right to use and his potential actual use of earned paid sick time to cover his medical-related absences.

32. Upon information and belief, Defendant has failed to post the required notices to employees under Arizona's Paid Sick Time Law.

**Procedural History**

33. This case was originally filed with companion federal claims in the U.S. District Court for the District of Arizona (4:21-cv-00306-JGZ).

34. Pursuant to the Defendant's Rule 12 Motion to Dismiss the federal claims, the Court dismissed the federal claims (a decision being appealed), and then declined to exercise pendent jurisdiction over the remaining state law claim described herein.

35. This case is being filed within the 30-day period described in 28 U.S.C. § 1367(d).

36. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**COUNT ONE – VIOLATION OF ARIZONA PAID SICK TIME LAW**

37. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

38. Arizona has adopted a Paid Sick Time law, A.R.S. §§ 23-371, *et seq*.

39. A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights. Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

40. Defendant violated A.R.S. § 23-364 as described herein, by terminating Plaintiff for asserting and utilizing his right to take medical leave on behalf of himself, his disabled pregnant fiancé and his unborn child – even temporarily - and after attending medical appointments and shortly prior to taking that leave in lieu of a work assignment.

41. Additionally, upon information and belief, Defendant failed to provide notice of Plaintiff's rights under A.R.S. 23-364 as required by law.



4

42. A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

43. Defendant's discrimination and/or retaliation were committed without justification or excuse.

44. A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final."

45. Furthermore, the statute mandates the payment of all earned paid sick time owed, including interest, and an additional amount equal to twice the earned paid sick time, as well as "other amounts" and "any other appropriate legal or equitable relief."

46. As a direct result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment, and the failure to post and keep proper records penalties under § 23-364(F).

## JURY TRIAL DEMANDED

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of state law;
B. Assessing applicable civil fines and penalties against Defendant as authorized under the statutes cited herein;
C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;
D. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant' unlawful actions, and make him whole for all earnings he would have received, including, but not limited to, back pay, front pay, pension, and other lost benefits;
E. Awarding Plaintiff compensatory damages in an amount to be determined by the jury;
F. Awarding Plaintiff statutory damages, double damages, and all "other amounts" in an



amount to be determined by enforcement of the statutes herein;

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 7th day of February, 2022,

                CARDEN LIVESAY, LTD.

                By: s/Joshua W. Carden
                Joshua W. Carden
                *Attorneys for Plaintiff*

